UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY TOREAL TOWNSEND,

        Petitioner,                      CASE NO. 08-15159

v.

                                          HON. MARIANNE O. BATTANI

BARRY D. DAVIS,

        Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE**
**PETITIONER'S MOTION TO PROCEED INFORMA PAUPERIS ON APPEAL**

      This matter is before the Court on Petitioner Tony Townsend's Motion to Proceed In Forma Pauperis on Appeal. (Doc. 30 at 27-36). The Court has reviewed Petitioner's filing, and for the reasons that follow, the Court **DENIES** without prejudice his request to proceed in forma pauperis on appeal.

**I.    BACKGROUND**

      On March 23, 2011, the Court denied Petitioner Tony Townsend a writ of habeas corpus and declined to issue a certificate of appealability. (Doc. 23). Petitioner filed a Notice of Appeal on April 25, 2011. (Doc. 26). On July 7, 2011, the Sixth Circuit dismissed Petitioner's appeal for want of prosecution because he failed to pay the required filing fee. (Doc. 29).

      On July 25, 2011, Petitioner sought reconsideration of the dismissal at the Sixth Circuit because he claims this Court has yet to adjudicate his motion to proceed in forma pauperis ("IFP") on appeal, which he allegedly filed on April 21, 2011. (Doc. 30) The docket sheet in this matter reveals no pending IFP motion, and the Court did not previously grant Petitioner pauper status. Petitioner avers he filed the IFP motion in

April and suggests a clerical error caused the docketing mistake. (Id. at 18-20). In any event, the Sixth Circuit forwarded Petitioner's July 25 filings to this Court with instructions to review the IFP motion included therein. Accordingly, Petitioner's Motion to Proceed In Forma Pauperis on Appeal is now before the Court. (Doc. 30 at 27-36).

## II.    STANDARD OF REVIEW

Federal Rule of Appellate Procedure 24 and Section 1915 of the Prison Litigation Reform Act of 1996 establish the standard for evaluating applications to proceed IFP on appeal. Rule 24 provides that a party to a district-court action seeking pauper status on appeal must file a motion in the district court and attach an affidavit that (1) shows in detail as prescribed by Form 4 of the Appendix of Forms the party's inability to pay; (2) claims an entitlement to redress, and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). Section 1915(a)(2) imposes an additional requirement for prisoners seeking IFP status on appeal; the prisoner must include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." Even if the above requirements are satisfied, a district court will deny a party IFP status if it determines the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). A district court does not abuse its discretion in denying an IFP motion that does not comply with the requirements set forth in 28 U.S.C. § 1915(a)(1) and Rule 24(a)(1). See Flippin v. Massey, 86 F. App'x 896 (6th Cir. 2004); Reynolds v. Federal Bureau of Prisons, 30 F. App'x 574, 575 (6th Cir. 2002).

### III.  ANALYSIS

The Court must deny Petitioner's IFP motion because it is incomplete.  Although Petitioner stated he is entitled to redress and attached a certified copy of his prison trust fund account, he failed to state the issues he intends to present on appeal and did not describe his inability to pay in the detail set forth in Form 4.  Without a statement of appellate issues, the Court cannot perform its screening function under 28 U.S.C. 1915(a)(3).  Additionally, the absence of detailed financial information as required by Rule 24(a)(1)(a) prevents the Court from accurately assessing Petitioner's alleged inability to pay fees and costs.  Therefore, Petitioner's Motion to Proceed In Forma Pauperis is **DENIED** without prejudice.  Petitioner may file a new motion on or before September 12, 2011 or pay the full filing fee on or before September 30, 2011.

**IT IS SO ORDERED.**

                              s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE


DATE:  August 25, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

                              s/Bernadette M. Thebolt
                              Case Manager